Ejectment.

Case 115.

## Chalfin &c, vs Malone.

### APPEAL FROM THE MEADE CIRCUIT.

*Ejectment.   Notice to quit.   Limitation.*

September 18.   JUDGE SIMPSON delivered the opinion of the Court.

Case stated.   In 1823, Judith Chalfin purchased at Sheriff's sale a tract of land containing one hundred and twenty-five acres, under an execution in which she was plaintiff. She procured the Sheriffs deed for the land in 1833; and in 1837 she conveyed it to Nathaniel Malone.

Aaron Chalfin, the defendant in the execution, resided upon the land at the time of the Sheriff's sale, and he and those holding under him, have continued in the possession of it ever since, claiming it as their own, and denying the right of the purchaser at the Sheriff's sale.

In 1846, this action of ejectment was brought by Malone, to recover the possession of the land, and having obtained a judgment of eviction against the defendants, they have appealed to this Court.

Questions for decision.   The whole case depends upon two questions. First. Can a defendant in an execution, who is in the possession of the land sold, at the time of the sale by the sheriff, assume a hostile attitude to the purchaser, and hold the possession adversly; or, must his possession be considered amicable, although he denies the right of the purchaser, and claims the land as his own?

Second. Does the statute of limitation commence running against the purchaser from the time of the sale or only from the date of the sheriff's deed?

A defendant in execution who remains upon land after it is sold under execution, does not occupy the attitude of tenant or quasi tenant of the purchaser,   First. The defendant in the execution does not occupy the relation of tenant, or *quasi* tenant, to the purchaser; and it has been, therefore, held, that he is not entitled to notice to quit, nor is any demand by the purchaser, of the possession, necessary, before he brings his action. *Snowden* vs *McKinney*, 7 *B. Monroe*, 259. The possession of the defendant in the execution is re-

garded, in the absence of all testimony manifesting the actual character of his holding, as consistent with the title of the purchaser. But as there is nothing in the relation of the parties, nor in the attitude of the defendant, which imposes upon him any obligation to hold the possession of the land for the benefit of the purchaser, or which authorizes the purchaser to rest in security upon the belief that it is so held; there is no estoppal upon the defendant, which precludes him from converting the amicable possession into one that is adverse and hostile. The law does not, merely from the fact that he continues in possession, raise the presumption that the possession is adverse, but devolves upon him the burthen of evincing, if he rely upon it, that such has been its true nature and character.

Second. A sheriff's deed, when made, has effect by relation to the time of the levy of the execution. It invests the purchaser with the right of entry, from the time of the sale. He acquires by his purchase not merely an equity, but an inchoate legal title. (5 *B. Monroe*, 239.) He can obtain the deed from the sheriff immediately upon the payment of the purchase money. Having it in his power to obtain a deed without delay, which deed, by relation, invests him with the title from the time of the purchase; and for some purposes, extends beyond that period to the time of the levy, there seems to be no good reason why the statute of limitations should not commence running against him from the time of the purchase. The doctrine, if established, that the statute does not commence running until the execution of the sheriff's deed, might result in the most pernicious consequences to the rights of innocent purchasers, and to the general security of titles to real estate. A purchaser at sheriff's sale might not consummate his purchase, by deed, for half a century, and although, in the meantime, the property may have been held adversely, and passed from hand to hand through successive conveyances, without any knowledge or suspicion of a defect in the title, yet, when the sheriff's deed is procured, the title of the purchaser would exist in all its vigor, unaffected by an adverse holding of fifty years,

so far as the statute of limitations might be relied upon
for the purpose of defeating it. We cannot sanction a
principle which would result in such mischievous conse-
quences, and tend so greatly to disturb the security of
titles to landed property.

There is a striking analogy in the principle here ap-
plied to the purchaser at a sheriff's sale, to that which
has been applied in cases where usury has been paid,
and a suit brought for its reclamation. No cause of ac-
tion exists, as it has been decided, until a demand is
made, by suit or otherwise, to have the usury refunded.
Yet, unless some demand be made, and suit be brought,
within five years from the time it was paid, it will be
barred by the statute of limitations. The reason is,
that although the cause of action does not accrue until
demand made, yet, as the claimant has it in his power
to create the cause of action when he chooses; his fail-
ure to do so for five years, is equivalent to a failure to
sue for the same length of time on a cause of action
which has actually accrued.

*No cause of action exists to recover back usury until demand made or suit brought, but the statute of limitation commences to run against the right of reclamation from the date of its payment.—Argu.*

For the same reason, therefore, a purchaser at a sher-
iff's sale should be barred, because, having it in his
power to obtain a deed from the sheriff, having the ef-
fect already mentioned when made, he permits the de-
fendant in the execution to hold adversely for twenty
years after his purchase, before he obtains the deed, or
having obtained the deed, before the commencement of
a suit to recover the possession.

*A purchaser of land at Sheriff's sale, who permits the defendant in execution to remain in adverse possession for 20 years from the time of sale, will be barred of his right of entry.*

As the defendant in the execution was not precluded
in this case from holding adversely, it follows that, if
his possession was adverse, and such adverse possession
was continued uninterruptedly for twenty years before
the commencement of the action, it forms a bar to the
plaintiff's claim.

The instruction of the Court below being in conflict
with this exposition of the law of the case, is errone-
ous.

Wherefore, the judgment is reversed, and cause re-
manded for a new trial, and further proceedings con-
sistent with this opinion.

*Walker, Morehead & Reed* for appellant.